# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **NEWNET COMMUNICATION TECHNOLOGIES, LLC**, a Delaware limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13 C 8159 |
| **VI E-CELL TROPICAL TELECOM, LTD.**, a corporation organized under the laws of the U.S. Virgin Islands, | ) ) ) ) | |
| Defendant. | ) ) | |

## <u>MEMORANDUM ORDER</u>

VI E-Cell Tropical Telecom, Ltd. ("Tropical Telecom") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by NewNet Communication Technologies, LLC ("NewNet"). This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

Although this Court's February 21, 2014 oral ruling rejected Tropical Telecom's effort to dispatch this case by a motion to dismiss NewNet's Complaint, its several currently asserted ADs raise issues that will clearly have to be dealt with in the ordinary course of this litigation (it should be understood that this memorandum order does not seek to express any substantive views on those ADs). But some other aspects of the pleading at issue appear to reflect the failure of Tropical Telecom's counsel to recognize the potential that groundless assertions by a party can generate a backlash effect, under which otherwise creditable legal assertions might be viewed as suspect because of concerns as to a party's or its counsel's credibility.

Look, for example, at Answer ¶¶ 3 and 4, each of which invokes a Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer, yet then goes on to add "therefore, it is denied." But it is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Next, Answer ¶ 7 denies NewNet's allegation as to the existence of subject matter jurisdiction. If that denial is predicated on a claimed absence of diversity of citizenship, such a flat-out claim is inconsistent with Tropical Telecom's Rule 8(b)(5) response to Complaint ¶ 4. If on the other hand the denial purports to be otherwise grounded, both NewNet and this Court are entitled to a fleshed-out explanation rather than such a simple denial.

That is true as well as to Tropical Telecom's denial of venue in its Answer ¶ 9. Whether or not any of Tropical Telecom's ADs bear fruit, it is difficult to conceive its entitlement to deny -- at least in the subjective and objective good faith demanded by Rule 11(b) -- that "a substantial part of the events or omissions giving rise to the claim occurred in this district."

Finally, although as stated at the outset this memorandum order expresses no substantive views as to Tropical Telecom's several ADs, their threshold nature appears to call for a greater focus on the factual issues related to those ADs. Accordingly it is expected that the parties' early discovery efforts will pay special heed to those matters.

Milton I. Shadur
Senior United States District Judge

Date: March 12, 2014